**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. VALE y ASOCIADOS, S.A. de C.V., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>FLIGHT TEST ASSOCIATES, INC., <br><br>　　　　　Defendants. | 1:10-cv-00606-OWW-DLB <br><br>**MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS (Doc. 5)** |

### I.  INTRODUCTION.

Plaintiff J. Vale y Asociados, S.A. de C.V. ("Plaintiff") is proceeding with an action for breech of contract and fraud against Flight Test Associates, Inc. ("Defendant") pursuant to 28 U.S.C. § 1332.  Plaintiff filed its complaint on April 7, 2010.  (Doc. 1).

Defendant filed a motion to dismiss on May 9, 2010 on the basis that, *inter alia*, a forum selection clause requires dismissal of Plaintiff's complaint. (Doc. 5).  Plaintiff filed opposition to the motion to dismiss on June 1, 2010.  (Doc. 7).  Defendant filed a reply to Plaintiff's opposition on July 1, 2010.  (Doc. 8).

### II. FACTUAL BACKGROUND.

On or about September 21, 2006, Plaintiff and Defendant entered into a contract pursuant to which Defendant agreed to

1

1  install certain RVSM equipment on Plaintiff's Saberliner Aircraft
2  ("aircraft"). (Complaint at 2). The parties' contract required
3  Defendant to complete installation of the equipment on Plaintiff's
4  aircraft within seventy-five working days from the date of the
5  contract and within 20 days after delivery of the aircraft to
6  Defendant. (Complaint at 2). On or about October 4, 2006,
7  Plaintiff delivered the aircraft to Defendant, and Plaintiff
8  subsequently made two payments to Defendant pursuant to the terms
9  of the agreement, totaling sixty-thousand dollars. (Complaint at
10 2).

11      After Defendant failed to perform its obligations within the
12 time requirements set forth in the parties' contract, Plaintiff
13 communicated its dissatisfaction to Defendant a number of times.
14 (Complaint at 3). On April 11, 2007, Plaintiff made a final demand
15 that Defendant remedy the situation. (Complaint at 3). Defendant
16 responded to Plaintiff's April 11 demand on April 12, 2007, by
17 indicating in an email that Defendant would reassemble the aircraft
18 to its original configuration and provide Plaintiff a full refund
19 of all monies paid to Defendant. (Complaint at 3). On May 31,
20 2007, in response to inquires from Plaintiff regarding the status
21 of its refund, Defendant stated in an email that John Ligon would
22 be providing the agreed refund and requested instructions on how to
23 return the refund to Plaintiff. (Complaint at 3).

24      Plaintiff recovered the aircraft from Defendant on June 6,
25 2007. (Complaint at 3). On June 13, 2007, Defendant informed
26 Plaintiff by email that it would not provide Plaintiff a full
27 refund. (Complaint at 3).

28      Plaintiff alleges that it suffered at least $60,000.00 in lost

**2**

profits due to the time Plaintiff was deprived of use of the aircraft, in addition to the $60,000.00 it paid Defendant for work that was not completed. (Complaint at 3).

### III. **LEGAL STANDARD**

**A. Motion to Dismiss**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a

**3**

complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

**B. Motion for More Definite Statement**

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading" when it is "so vague or ambiguous that the party cannot

**4**

reasonably prepare a response." A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981). The motion must be denied if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); *see also San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.").

**C. Forum Selection Clause**

A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3). *E.g. Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2010). In ruling on a motion to enforce a forum selection clause, a court need not accept Plaintiff's pleadings as true, and facts outside the pleadings may be considered. *Id.* (citation omitted). Federal law applies to interpretation of a forum selection clause. *Id.*

Forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "'unreasonable' under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or

5

overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court;" or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Id*. (citations omitted).

### IV. DISCUSSION.

**A. Plaintiff's Fraud Claim**

The complaint contains a conclusory allegation that Defendant's conduct "constitutes breach of contract and fraud." (Complaint at 3). Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constitution fraud or mistake." Fed. R. Civ. P. 9(b). To the extent Plaintiff is attempting to assert a fraud cause of action, the complaint fails to meet the federal pleading standard for fraud and thus any such claim must be DISMISSED.

**B. Breach of Contract Claim**

    **1. Existence of a Forum Selection Provision**

Defendant moves to dismiss Plaintiff's breach of contract claim on the basis that, *inter alia*, a forum selection clause contained in the parties' contract requires that any disputes arising out of the contract must be litigated in the California Superior Court in Kern County. (Motion to Dismiss at 2-3). In support of its motion, Defendant submits the declaration of Defendant's Chief Executive Officer, John Ligon, and a document Mr. Ligon declares is the agreement underlying Plaintiff's claim for breach of contract.

Mr. Ligon declares that he engaged in the contract

6

negotiations between Plaintiff and Defendant, reduced the parties' agreement to writing, signed the agreement on behalf of Defendant, and transmitted the agreement to Plaintiff for signing. (Ligon Dec. at 1). Mr. Ligon declares that although he could not locate a copy of the contract signed by Plaintiff after a diligent search of Defendant's records, Mr. Ligon recollects that the contract was signed on behalf of Plaintiff. (Id.). Mr. Ligon further states that he would not have proceeded as he did without a signed contract. (Id.).

Attached to Mr. Ligon's declaration is a copy of the purported agreement, signed by Mr. Ligon on behalf of Defendant. (Ligon Dec., Ex. 1). The terms set forth in the contract attached to Mr. Ligon's declaration mirror the terms of the contract alleged in the complaint: Mr. Ligon's contract is dated September 21, 2006, the date specified in the complaint as the date on which the contract was formed; Mr. Ligon's contract specifies time periods of 20 days and 75 days for Defendant's installation of RVSM equipment on Plaintiff's Saberliner aircraft, the same time frames alleged in the complaint; Mr. Ligon's contract provides for sixty-thousand dollars in payments from Plaintiff to Defendant prior to Defendant's performance, the precise amount Plaintiff alleges it paid Defendant; Mr. Ligon's contract includes a forum selection clause identifying Kern County California Superior Court as the exclusive venue, and the complaint references a forum selection clause. Plaintiff presents no evidence contrary to Mr. Ligon's declaration.

The declaration of Javier Vale Castilla, submitted by Plaintiff in opposition to Defendant's motion to dismiss, does not

dispute that the document attached to Mr. Ligon's declaration is an accurate copy of the parties' agreement. Instead, Mr. Vale Castilla's declaration concedes that Plaintiff entered into a contract with Defendant on September 21, 2006, and that the terms of the agreement were memorialized in a written contract. Mr. Vale Castilla declares in pertinent part:

> 1. I am Administrador of Unico of J. Vale Asociados, V.A. de C.V.
>
> 2. On or about September 21, 2006, Plaintiff and Defendant entered into an agreement for the installation of RSVM equipment...the terms of this agreement were memorialized in a written contract, but neither I nor any person on behalf of Plaintiff ever signed the document

(Vale Dec. at 1). Critically, Mr. Vale Castilla's declaration does not dispute that Plaintiff agreed to the forum selection clause contained in the document attached to Mr. Ligon's declaration. Further, Plaintiff's complaint contains and express reference to a forum selection clause: "the contract that is the subject of this action provides for venue in [the Eastern District of California] by its terms." (Complaint at 2). Factual assertions in pleadings, unless amended, are considered judicial admissions conclusively binding on the party who made them. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

Based on (1) Mr. Ligon's uncontroverted declaration; (2) the similarity between the allegations in Plaintiff's breach of contract claim and the terms of the document attached to Mr. Ligon's declaration; (3) Mr. Vale Castilla's express and tacit admissions; and (4) the complaint's judicial admission that the parties' entered into a contract on September 21, 2006 that contains a forum selection provision, it is reasonably inferred

**8**

that the contract attached to Mr. Ligon's declaration ("the contract" hereafter) is an accurate representation of the contractual agreement between the parties.

**2. Plaintiff's Arguments**

Plaintiff contends that Defendant's motion is untimely because, although the motion was filed on May 9, 2010, a Sunday, the Notice of Electronic Filing did not issue until May 10, 2009. Plaintiff's argument lacks merit. On April 29, 2010, Plaintiff's counsel agreed to grant Defendant a ten-day extension of time to file its motion, resulting in a filing date of on or before May 9, 2010. (Opposition, Ex. B). Counsels' agreement did not reference the Notice of Electronic filing, rather, the agreement specifically references the filing date of May 9, 2010. (Id.). Defendant's filing of the motion on May 9 was consistent with the agreement assented to by Plaintiff's counsel. Further, to the extent Defendant's motion was filed a day late, Plaintiff has suffered no prejudice on account of the delay and did not move to enter default.

Plaintiff advances two substantive arguments in opposition to enforcement of the forum selection clause: (1) "Plaintiff never signed the first written agreement and therefore the forum selection clause should not be enforced against Plaintiff;" and (2) "The agreement that is the basis of Plaintiff's causes of action... is not the initial contract between the parties (memorialized in the contract of September, 2006), but a separate written agreement memorialized by e-mails exchanged in April, 2007."

In light of the complaint's judicial admission that Plaintiff entered into a contract with Defendant with a forum selection

clause on September 21, 2006, (Complaint at 2), and the implied admission by Mr. Vale Castilla that the contract attached to Mr. Ligon's declaration is an accurate memorialization of the terms of the parties' agreement, Plaintiff's assertion that it is not bound by the forum selection clause because it did not sign the document memorializing the parties' agreement is not well-taken. Plaintiff's argument that "the agreement that is the basis of Plaintiff's causes of action... is not ...the contract of September, 2006" directly contradicts the complaint's allegations.

### 3. Construction of the Forum Selection Clause

Federal law governs construction of a forum selection clause in federal court. *Doe 1*, 553 F.3d at 1081. Federal courts turn to general principles of contract interpretation for guidance in construing contractual terms. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. *Id*.

Section 8.6 of the contract between Plaintiff and Defendant provides:

> **Disputes**. All disputes, claims, and controversies that arise out of or relate in any way to this Agreement or its subject matter, including without limitation those concerning the validity, interpretation, performance, or breach of this Agreement, shall be governed and decided by the laws of the State of California exclusive of any choice of law rule of California or any other jurisdiction, which would cause any matter to be referred to the law of any jurisdiction other than California. *The Courts of California, located in Kern County, shall be the sole and exclusive forum for resolution of all claims, disputes, and controversies between the Parties regarding this Agreement*. The successful Party in any legal action arising out of this Agreement or its subject matter shall be entitled to recover all out-of-pocket

**10**

>      expenses incurred in connection with the enforcement of its rights under this Agreement, including but not limited to legal expenses, collection costs, and reasonable attorney's fees.

(Ligon Dec., Ex. 1 at 5) (emphasis added). The unambiguous meaning of the phrase "The Courts of California, located in Kern County, shall be theسsole and exclusive forum for resolution of all claims, disputes, and controversies between the Parties regarding this Agreement" is that the parties must litigate their dispute in a California state court located in Kern County.

The ordinary meaning of the phrase "Courts of California" is "California state courts." *See Doe 1*, 552 F.3d at 1082. As the Ninth Circuit explained in *Doe 1*:

>      The clause's use of the preposition "of"--rather than "in"--is determinative. Black's Law Dictionary defines "of" as a term "denoting that from which anything proceeds; indicating origin, source, descent, and the like . . . ." 8 Black's Law Dictionary 1080 (6th ed. 1990). Thus, courts "of" Virginia refers to courts proceeding from, with their origin in, Virginia --i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government.

*Id*. The ordinary meaning of the phrase "shall be the sole and exclusive forum" establishes that the parties must adjudicate any disputes arising out of the contract exclusively in the designated forum. *See, e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (discussing permissive versus mandatory language in forum selection clauses).

The forum selection clause contained in the contract between Plaintiff and Defendant requires that any disputes arising out of the contract be litigated in a California state court located in Kern County. It is beyond dispute that Plaintiff's claims for

**11**

breach of contract and fraud arise out of the contract and are related to the contract's subject matter. Accordingly, Plaintiff's breach of contract claim must be remanded to the Superior Court of California, County of Kern.[1]

**ORDER**

For the reasons stated IT IS ORDERED that:

1) Plaintiff's complaint is REMANDED to the California Superior Court, County of Kern; and
2) Defendants shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.

IT IS SO ORDERED.

**Dated:   August 22, 2010**              /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE

---

[1] Defendant's alternative motions for dismissal under Rule 12(b)(6) and for a more definite statement are moot.